# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | | |
|---|---|---|
| JAMES RIVER INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 25-00257-CV-W-GAF |
| KC WILLOW CREEK, LLC, et al., | ) ) | |
| Defendants. | ) | |

## ORDER

Now before the Court is Defendants KC Willow Creek, LLC and Landmark Realty of Missouri, LLC's ("Defendants") Motion to Dismiss and Suggestions in Support. (Docs. 11, 12). Plaintiff James River Insurance Company ("Plaintiff") opposes. (Doc. 22). Defendants have also filed a reply brief. (Doc. 26)[1]. For the following reasons, Defendants' Motion is DENIED.

## DISCUSSION

### I.     BACKGROUND

Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201, requesting a declaration that "the only coverage for [Defendants] regarding [Denise] Henderson's claims in her state court Lawsuit is pursuant to the James River Insurance policy's 'Assault and Battery Limits of Liability Endorsement,' which has limits of $50,000, including defense costs." (Doc. 1, ¶1). Plaintiff is a corporation organized under the laws of Ohio, with its principal place of business in Virginia. (*Id.* at ¶2). Defendant KC Willow Creek, LLC is a Missouri corporation, with its principal place of

---

[1] The Court notes that Plaintiff filed a Motion for Leave to file a Sur-Reply (Doc. 34), and Defendants did not file an opposition/response. The Court has reviewed Plaintiff's proposed sur-reply and exhibits attached thereto and GRANTS its motion for leave. Document 34-2 and attached exhibits will be deemed filed as of August 15, 2025 and their contents have been considered in reaching this decision and order.

1

business located in Kansas City, Missouri. (*Id.* at ¶3). None of the members of the LLC reside in Ohio or Virginia. (*Id.*). Defendant Landmark Realty of Missouri, LLC is a California corporation with its principal place of business in Kansas City, Missouri. (*Id.* at ¶4). None of the members of the LLC reside in Ohio or Virginia. (*Id.*). Defendant Metro Public Safety & Investigations LLC is a Missouri corporation with its principal office located in Kansas City, Missouri. (*Id.* at ¶5). None of the members of the LLC reside in Ohio or Virginia. (*Id.*). Defendant Denise Henderson is an individual and resident of Kansas City, Missouri. (*Id.* at ¶6). No specific relief is requested against Metro or Henderson in this matter. (*Id.* at ¶7). Henderson has asserted a claim for damages against KCWC and Landmark (collectively, the "State Court Defendants") on the insurance policy at issue in this case and has therefore been joined to be bound by the Court's judgment herein. (*Id.*). Metro is a co-Defendant to KCWC and Landmark but is not an Insured under the insurance policy at issue in this case and has stipulated to be bound by this action and dismissed accordingly. (*Id.*, ¶7; Doc. 8).

On September 3, 2023, Defendant Henderson filed a petition in the Circuit Court of Jackson County, Missouri against the State Court Defendants, alleging that Willow Creek and Landmark caused or contributed to cause the death of Dejuan Henderson in failing to provide reasonable security for the safety of residents and guests at the Willow Creek Apartments. (*Id.* at ¶¶12-24). Willow Creek and Landmark were insured under a commercial general liability insurance policy issued by Plaintiff. (*Id.* at ¶¶34-38). Plaintiff contends an endorsement to its policy limits its duties to defend and indemnify Defendants. (*Id.*). On April 10. 2025, Plaintiff filed this action seeking a declaratory judgment that under the policy, its duty to indemnify the Defendants is limited to $50,000. (*See generally id.*). On May 22, 2025, the State Court Defendants filed a Third-Party Petition for Declaratory Judgment against Plaintiff and Henderson

2

in the state court action.  (Doc. 12, ¶11).

Defendants Willow Creek and Landmark filed this Motion to Dismiss, or in the Alternative, Motion to Stay, arguing that Missouri Supreme Court precedent unequivocally bars Plaintiff's claims in this case and requires it to file its declaratory action in the same court as the underlying case.  (Doc. 12).

## II.    ANALYSIS

"As a general rule, a federal district court must exercise its jurisdiction over a claim unless there are exceptional circumstances for not doing so.  But this general rule yields to practical considerations and substantial discretion when the federal complaint seeks a declaration pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a)."  *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 842 (8th Cir. 2022).  This Court has "unique and substantial" discretion to determine whether to decide cases raised under the Declaratory Judgment Act.  *Id.* (citing *Lexington Ins. Co. v. Integrity Land Title Co.*, 721 F.3d 958, 967 (8th Cir. 2013)); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).  The Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right on the litigant."  *James River Ins. Co. v. Impact Strategies, Inc.*, 699 F. Supp. 2d 1086, 1088 (E.D. Mo. 2010)(quoting *Wilton*, 515 U.S. at 287).

The State Court Defendants argue that this action presents "exceptional circumstances" such that the Court should not exercise its jurisdiction because this action is parallel to the underlying state court action.  (Doc. 12, pp. 3-6).  Specifically, Defendants argue that all parties in the state court action are the same and the issues in the present action and the third-party claim in the state court action are the same.  (*Id.*).  Plaintiff argues that there is no parallel state court action because it is not a party to State Court Defendants' state court wrongful death action.  (Doc. 22,

pp. 6-11). Plaintiff concedes it filed a motion to intervene in the underlying wrongful death action, but for the sole purpose of staying the action rather than to substantively litigate it. (*Id.*). Plaintiff further argues that Defendants artificially caused it to be a party to the state court action by filing the Third Party Petition. (*Id.*). Plaintiff also argues the issues are not the same because the state court action is a tort liability issue and this is an insurance coverage issue. (*Id.*).

## A.     Parallel Suits

"Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 997 (8th Cir. 2005) (quotation omitted); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 290 (1995) (suits are parallel if they present the "opportunity for ventilation of the same state law issues"); *Capitol Indemn. Corp. v. Haverfield*, 218 F.3d 872, 875 (8th Cir. 2000) (actions are parallel when they involve the "same parties, the same issue, the same insurance policies, and the same arguments"). The Supreme Court has described such suits as presenting "the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). Under *Brillhart*, the Court must also consider "'whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, [and] whether such parties are amendable to process in that proceeding....'" *Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 793 (8th Cir. 2008) (quoting *Brillhart*, 316 U.S. at 495).

A federal declaratory judgment action filed by an insurer seeking a declaration of insurance coverage owed to an insured is not parallel to a state court action concerning the insured's liability to a third party. *Scottsdale Ins. Co.*, 426 F.3d at 997 (concluding suits were not parallel where "[t]he suits in state court involve issues regarding Detco's liability relating to the January 2005

4

fire and explosion at its facility, whereas the federal suit between Detco and Scottsdale involves matters of insurance coverage.")

Here, the Court finds that the federal declaratory action and the underlying state case are not parallel. Plaintiff sought to intervene in the state action for the limited purpose of staying the state proceeding until this Court could adjudicate its declaratory judgment action. While the same parties were represented, Plaintiff was not there for the purpose of litigation but rather seeking to stay the underlying state case pursuant to *McCrackin v. Mullen*, 701 S.W.3d 868 (Mo. 2024) (en banc). The State Court Defendants did file a Third-Party Petition in the state court action naming Plaintiff and ostensibly creating similar parties. However, on August 12, 2025, the state court dismissed Defendants' Third-Party Petition against Plaintiff and stayed the case pending resolution of this declaratory judgment action. (Doc. 34-1). Thus, the Court finds the parties in the state court action are not the same because Plaintiff is not a party to the state court case. The Court further finds that the claims of all parties in interest cannot satisfactorily be adjudicated in the underlying state court wrongful death action because the right of Plaintiff to know to what extent it must defend or indemnify the State Court Defendants will not be litigated in the state court[2]. For the reasons stated, the Court finds that this case and the state proceeding are not parallel.

## B. *Scottsdale* Factors

A district court's discretion is limited when no parallel proceedings are pending in state court, because in those circumstances there are less-pressing interests of practicality and wise judicial administration and it is less likely that "the claims of all parties in interest can satisfactorily

---

[2]The State Court Defendants complain that Plaintiff did not file its declaratory judgment action in the state court case but as the state court noted, "[w]hile it is true that the court in *McCrackin* 'advised' insurers like [Plaintiff] to file their declaratory judgment actions in the same court as the underlying tort action 'whenever possible,' *Id.* at 877, fn. 11, nothing in *McCrackin* compels them to do so." (Doc. 34-1, p. 2).

be adjudicated" in the state court proceeding. *Wilton,* 515 U.S. at 283, (quoting *Brillhart,* 316 U.S. at 495).

If no parallel state action is pending, the Eighth Circuit has directed district courts to examine six factors when determining whether to exercise jurisdiction over a declaratory judgment action. *Endurance Am. Specialty Ins. Co. v. Brown*, No. 19-00654-CV-W-GAF, 2019 WL 11648518, at *2 (W.D. Mo. Dec. 19, 2019) (citing *Scottsdale Ins. Co.*, 426 F.3d at 998–99). Those factors are:

> (1) Whether the declaratory judgment sought will serve a useful purpose in clarifying and settling the legal relations in issue; (2) whether the declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the federal proceeding; (3) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (4) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (5) whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law; and (6) whether the declaratory judgment action is being used merely as a device for procedural fencing—that is, to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable.

*Scottsdale Ins. Co.*, 426 F.3d at 998. Because the Court finds no parallel state action exists it must evaluate the six *Scottsdale* factors to determine if it should dismiss or stay the declaratory judgment action. *Id.* at 999.

**1. Useful Purpose**

The first factor considers whether the declaratory judgment action will serve a useful purpose. *Scottsdale Ins. Co.*, 426 F.3d at 998. This action, not the state court action, will decide the extent that Plaintiff has a duty to defend or indemnify the State Court Defendants. The Court finds that the first *Scottsdale* factor weights in favor of proceeding with the declaratory action.

**2. Afford Relief from Uncertainty, Insecurity, and Controversy**

The Court must determine if the declaratory judgment action would afford relief from the "uncertainty, insecurity, and controversy" for the second factor. The federal declaratory action will resolve the issue of Plaintiff's duty to defend or indemnify the State Court Defendants in the underlying state action. The Court does not anticipate having to resolve factual matters that would impact the underlying state action but would clarify the obligations of Plaintiff with respect to the state proceeding. The Court finds that the declaratory judgment will afford relief from the uncertainty, insecurity, and controversy between Plaintiff and the State Court Defendants and the second *Scottsdale* factor weighs in favor of proceeding with the declaratory action.

**3. State's Interest**

The third factor tasks the Court to evaluate the state's interest in the matter. Missouri does not have a strong interest in deciding the issues in this case as the coverage issues are not pending before a state court and, in fact, the state court dismissed the Third-Party Petition seeking the state court's ruling on the issue. Further, the state court specifically stayed the case before it until this declaratory judgment action on coverage is decided. Thus, a determination of the coverage issues by this Court would not conflict. The Court finds that this case presents no issues of state laws that are also pending before a state court. Missouri has no special interest in resolving the policy dispute now properly before this Court. For the reasons stated, the Court finds the third *Scottsdale* factor weighs in favor of proceeding with the declaratory action.

**4. Efficiency**

The fourth factor considers whether judicial economy would be best served by deciding this action initially in the federal district court. Currently there is no pending action in the state court that concerns the issue of Plaintiff's indemnification coverage of Defendants. While the

7

Court acknowledges that the state court would be capable of hearing a declaratory judgment action in the underlying state proceeding, that court chose not to do so in dismissing the Third-Party Petition and staying the underlying action. Thus, it would be more efficient to continue the declaratory judgment action in federal court. The Court finds the fourth *Scottsdale* factor weighs in favor of proceeding with the declaratory action.

**5. Entanglement Between the Federal and State Court Systems**

The fifth Scottsdale factor evaluates the entanglement between the federal and state court systems. Allowing this action to proceed will not result in unnecessary entanglement between the federal and state court systems. Under Missouri law, the insurers duty to defend and indemnify is determined by comparing the language of the insurance policy with the allegations in the underlying complaint. *McCormack Baron Mgmt. Servs., Inc. v. Am. Guarantee & Liab. Ins. Co.*, 989 S.W.2d 168, 170 (Mo. 1999); *see also Butters v. City of Independence*, 513 S.W.2d 418, 424 (Mo. 1974) (en banc). The Court's determination of the extent of Plaintiff's indemnification coverage of the Defendants is not dependent on any factual determinations that will be made in the state proceeding. The facts at issue in the underlying state wrongful death suit revolves around whether the injuries, damages, and death of Decedent were directly caused by or directly contributed to be caused by the negligence of the Defendants. Any factual overlap with respect to indemnification is insignificant. For the reasons stated, the Court finds the fifth *Scottsdale* factor weighs in favor of proceeding with the declaratory action.

**6. Procedural Fencing**

Finally, the Court must examine whether Plaintiff used the declaratory judgment action as a "procedural fencing" device. The Court finds no indication of procedural fencing in this case. Plaintiff was allowed to bring its declaratory judgment action in this case and moved to intervene

in the underlying state case with the purpose of staying the state proceeding pursuant to *McCrackin*. The Court notes that there is no other pending litigation that would determine insurance coverage as the state court dismissed the Third-Party Petition seeking such determination. For the reasons stated, the Court finds the sixth *Scottsdale* factor weighs in favor of proceeding with the declaratory action.

The Court having reviewed the six *Scottsdale* factors above, find they weigh against abstention/dismissal.

## **CONCLUSION**

Accordingly, for the reasons stated above, Defendants' Motion to Dismiss is DENIED.

IT IS SO ORDERED.

s/ Gary A. Fenner
GARY A. FENNER, JUDGE
UNITED STATES DISTRICT COURT

DATED: October 16, 2025

9